

**DAVID SULLIVAN, LASB #27303**
**MATTHEW EBERT, MNSB #0386655**
Trial Attorneys
U.S. Department of Justice
Office of Consumer Litigation
450 Fifth Street NW, Rm 6400S
Telephone: (202) 514-0516
Facsimile: (202) 514-8742
david.sullivan2@usdoj.gov
matthew.ebert@usdoj.gov
**DWIGHT C. HOLTON, OSB #09054**
United States Attorney, District of Oregon
**NEIL J. EVANS, OSB #96551**
Assistant U.S. Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Neil.Evans@usdoj.gov
    Attorneys for United States of America

FILED 11 MAR 24 12:05USDC-ORP

FILED
MAR 25 2011

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. CV'11- 362 BR |
|     Plaintiff, | **CONSENT DECREE OF PERMANENT INJUNCTION** |
| v. | |
| STEPHEN YAROSCAK,<br>    a.k.a. THE JART MAN STEVE, | |
|     Defendant. | |

PAGE - 1    CONSENT DECREE

WHEREAS, Plaintiff, the United States of America, by its undersigned attorneys, having filed a Complaint for Permanent Injunction ("Complaint") against Stephen Yaroscak, a.k.a. the Jart Man Steve, (hereafter the "Defendant"), has alleged that:

a. Defendant violates 15 U.S.C. § 2068(a)(1) of the Consumer Product Safety Act ("CPSA") by selling, offering for sale, manufacturing for sale, distributing in commerce, or importing into the United States a consumer product, or other product or substance that is regulated under the CPSA or any other Act enforced by the Commission, to wit, lawn darts, that are not in conformity with an applicable consumer product safety rule under the CPSA, or any similar rule, regulation, standard or ban under any other Act enforced by the Commission;

b. Defendant violates 15 U.S.C. § 2068(a)(2)(D) of the CPSA by selling, offering for sale, manufacturing for sale, distributing in commerce, or importing into the United States any consumer product or other product or substance that is a banned hazardous substance within the meaning of section 2(q)(1) of the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261(q)(1);

c. Defendant violates sections 4(a) and (c) of the FHSA, 15 U.S.C. §§ 1263(a) and (c), by introducing or delivering for introduction into interstate commerce, or receiving in interstate commerce, a banned hazardous substance; and

d. Defendant violates 15 U.S.C. § 2068(a)(2)(B) of the CPSA by selling, offering for sale, manufacturing for sale, distributing in commerce, or importing in the United States any consumer product or other product or substance that is subject to voluntary corrective action taken by the manufacturer, in consultation with the Commission, of which action the

**PAGE - 2    CONSENT DECREE**

Commission has notified the public or if the seller, distributor, or manufacturer knew or should have known of such voluntary corrective action;

WHEREAS, Defendant, while denying the allegations of the Complaint and disclaiming any liability in connection therewith, having appeared and consented to the entry of the Decree without contest and before any testimony has been taken, solely for the purpose of settling this case, and the United States of America, having consented to this Decree.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter and over all parties to this action.

2. This Court has jurisdiction pursuant to 15 U.S.C. § 2071(a) to restrain any violation of the CPSA, 15 U.S.C. §§ 2051, et. seq. and FHSA, 15 U.S.C. §§ 1261, et seq., as well as jurisdiction pursuant to 15 U.S.C. § 1267(a) to restrain any violation of the FHSA, 15 U.S.C. §§ 1261, et seq. All references to the CPSA and FHSA refer to those statutes as amended by the Consumer Product Safety Improvement Act of 2008, Public Law 110-314 ("CPSIA"), and all terms used herein shall have the same meaning as defined and used in the CPSA, CPSIA and FHSA.

3. Venue in the District of Oregon is proper under 28 U.S.C. § 1391(b).

4. At all times relevant hereto, Defendant is a "retailer" of consumer products as defined in Section 3 of the CPSA, 15 U.S.C. § 2052(a)(13).

5. At all times relevant hereto, Defendant knew of and had authority to control the acts and practices of www.jarts-lawndarts.com regarding the sale of the consumer products at issue.

PAGE - 3    CONSENT DECREE

6. The Complaint states claims upon which relief may be granted against Defendant under Sections 19(a)(1), (a)(2)(B), and (a)(2)(D) of the CPSA, 15 U.S.C. §§ 2068(a)(1), (a)(2)(B), and (a)(2)(D), and Sections 4(a) and (c) of the FHSA, 15 U.S.C. §§ 1263(a) and (c).

7. Defendant hereby waives all rights to appeal or otherwise challenge or contest the validity of this Decree.

8. Entry of this Decree is in the public interest.

9. Upon entry of this Decree, Defendant, and each and all of his directors, officers, agents, employees, attorneys, successors, assigns, and all persons or entities in active concert or participation with any of them, who receive actual notice of this Decree by personal service or otherwise, are permanently restrained and enjoined from doing or causing to be done any of the following acts:

   A. Sell, offer for sale, manufacture for sale, distribute in commerce, or import into the United States a consumer product, or other product or substance that is regulated under the CPSA or any other Act enforced by the Commission, that is not in conformity with an applicable consumer product safety rule under the CPSA, or any similar rule, regulation, standard or ban under any other Act enforced by the Commission, including, but not limited to, lawn darts, pursuant to 15 U.S.C. § 2068(a)(1) of the CPSA;

   B. Sell, offer for sale, manufacture for sale, distribute in commerce, or import into the United States any consumer product or other product or substance that is a banned hazardous substance within the meaning of section 2(q)(1) of the FHSA, 15 U.S.C. § 1261(q)(1), including, but not limited to, lawn darts, pursuant to 15 U.S.C. § 2068(a)(2)(D).

**PAGE - 4    CONSENT DECREE**

C. Introduce or deliver for introduction into interstate commerce, or receive in interstate commerce, a banned hazardous substance, including, but not limited to, lawn darts, within the meaning of sections 4(a) and (c) of the FHSA, 15 U.S.C. §§ 1263(a) and (c).

D. Sell, offer for sale, manufacture for sale, distribute in commerce, or import in the United States any consumer product or other product or substance that is subject to voluntary corrective action taken by the manufacturer, in consultation with the Commission, of which action the Commission has notified the public or if the seller, distributor, or manufacturer knew or should have known of such voluntary corrective action within the meaning of section 19(a)(2)(B) of the CPSA, 15 U.S.C. § 2068(a)(2)(B).

10. Upon entry of this Decree, Defendant, and each and all of his directors, officers, agents, employees, attorneys, successors, assigns, and all persons or entities in active concert or participation with any of them, who receive actual notice of this Decree by personal service or otherwise, are required to undertake and complete the following:

A. Defendant shall, at Defendant's expense, initiate a consumer-level recall of all lawn darts he has sold.

B. Defendant shall provide a copy of CPSC Press Release # 97-122 to all individuals who purchased the banned lawn darts.

C. Defendant shall disable his website relating to the sale of banned lawn darts and shall post a prominent banner on the website announcing a recall of the lawn darts (the recall announcement must contain a hyperlink to CPSC Press Release # 97-122).

**PAGE - 5   CONSENT DECREE**

D. Defendant shall, at Defendant's expense, destroy and properly dispose of any lawn darts in his inventory in accordance with local and/or state environmental regulation(s) within 45 days of entry of this decree. Prior to the disposal or destruction of the violative products (including transfer for disposal or destruction by a third party), notification must be made to the Office of Compliance staff so that they may witness such disposal, destruction or transfer of the lawn darts. This notice should also be made to the internet address: "recalledproductsdispoal@cpsc.gov." In addition, Defendant must take steps to assure quarantine of all lawn darts.

E. Defendant shall provide to the CPSC records of all correspondence with purchasers of lawn darts. Such records shall include, but not be limited to, the name, address, telephone number (if known) and email address of the purchaser.

F. Defendant shall provide records of all sales, distribution, or other means of introduction into interstate commerce by Defendant of lawn darts, including, but not limited to, the identity (including name, address, telephone number, and email address) of the entity to which the lawn darts were provided, the quantities provided, and the dates provided.

G. Defendant shall provide to the CPSC records of all correspondence, purchase orders, receipts or other records with manufacturers, distributors, retailers, consumers or any other individual or entity who provided, in exchange for payment or otherwise, Defendant with lawn darts.

H. Defendant shall provide to the CPSC the information requested at 16 C.F.R. § 1115.13(d) (1-14) to the extent applicable.

**PAGE - 6     CONSENT DECREE**

I.  Defendant shall submit to the CPSC monthly progress reports concerning his compliance with the measures contained in paragraph 10(A)-(D).

11. Representatives of the CPSC shall be permitted to enter and to inspect, at reasonable times, in a reasonable manner, and with reasonable promptness, Defendant's establishments (467 Tanager Drive, Redmond, Oregon and/or 61511 SE Fargo Lane, Bend Oregon, 97702, and/or any other location where Defendant moves or relocates, or uses to hold lawn darts) to determine whether the requirements of this Decree have been met, and to monitor and ensure continuing compliance with the terms of this Decree. During such inspections, CPSC representatives shall be permitted access to Defendant's establishment(s) which includes, but is not limited to, all buildings, equipment, computer or electronic files containing records or information relating to lawn darts, or actual physical samples of lawn darts; to examine and copy any such records or information, including electronic records, relating to the holding, sale, or distribution of any lawn darts; and to take samples of any lawn darts. The inspections shall be permitted upon presentation of a copy of this Decree and appropriate credentials. The inspection authority granted by this Decree is separate from, and in addition to, the authority to make inspections under the CPSA, 15 U.S.C. § 2065(a), the FHSA, 15 U.S.C. § 1270, and any other Act administered by the CPSC. In addition, in order to ensure Defendant's compliance with this Decree, Plaintiff and the CPSC are authorized to monitor Defendant's compliance with this Decree by all lawful means, including but not limited to, using representatives posing as consumers to contact Defendant's websites, employees, and representatives, and/or any other person or entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice.

**PAGE - 7    CONSENT DECREE**

12. Within ten (10) calendar days of receiving a request from the CPSC for any information or records that the CPSC deems necessary to evaluate Defendant's compliance with this Decree, Defendant shall provide such information or records to the CPSC.

13. Defendant shall notify the CPSC Office of the General Counsel in writing at least ten (10) calendar days prior to any reorganization, dissolution, assignment, or sale resulting in the emergence of a successor corporation, the creation or dissolution of any subsidiaries, or any other changes in its corporate structure, including the addition of importer of record numbers, that may affect compliance obligations arising out of this Decree.

14. All notifications, correspondence, and communications to the CPSC required by the terms of this Decree shall be addressed to the CPSC, Director, Division of Regulatory Enforcement, Office of Compliance and Field Operations, 4330 East West Highway, Bethesda, MD 20814 or the CPSC, Office of the General Counsel, 4330 East West Highway, Bethesda, MD 20814, as directed.

15. If Defendant fails to comply with the provisions of this Decree, Defendant shall pay to the United States of America liquidated damages in the sum of one thousand dollars ($1,000.00) for each day that Defendant fails to comply with this Decree. Defendant understands and agrees that the liquidated damages specified in this paragraph are not punitive in nature and that they do not in any way limit the ability of the United States of America to seek, and the Court to impose, additional criminal or civil contempt penalties based on conduct that may also be the basis for the payment of liquidated damages.

16. Each party shall bear its own costs and attorney's fees.

**PAGE - 8    CONSENT DECREE**

17. The provisions of this Decree are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

18. The terms used herein shall be interpreted as they are used in the CPSA, CPSIA, and FHSA.

19. This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Decree.

20. The parties, by their respective counsel, hereby consent to entry of the foregoing Decree, which shall constitute a final judgment and order in this matter.

SO ORDERED this 25th day of March, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE

Entry consented to:

FOR DEFENDANT:

*[signature]*

STEPHEN YAROSCAK, individually

FOR PLAINTIFF:

DWIGHT C. HOLTON
United States Attorney

NEIL EVANS
Assistant United States Attorney

/s/ David Sullivan
DAVID SULLIVAN
MATTHEW EBERT
Trial Attorneys
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 514-0516
david.sullivan2@usdoj.gov
matthew.ebert@usdoj.gov

OF COUNSEL:

CHERYL A. FALVEY
General Counsel

MELISSA V. HAMPSHIRE
Assistant General Counsel

PATRICIA K. VIEIRA
Attorney
Office of the General Counsel
Consumer Product Safety Commission
Bethesda, MD 20814
Office of the General Counsel
10903 New Hampshire Ave.
Silver Spring, MD 20993-0002
(301) 796-8613